## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES SNYDERBURN, | ) | |
| | ) | CIVIL COMPLAINT |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO. 3:19-CV-2222 |
| LEGACY ACQUISITION GROUP, | ) | |
| LLC, and RUFUS FINLAYSON, | ) | |
| | ) | |
| Defendants. | ) | **JURY DEMAND** |
| | ) | |

## COMPLAINT

Now comes JAMES SNYDERBURN ("Plaintiff") complaining as to the conduct of LEGACY ACQUISITION GROUP, LLC, ("LAG") and RUFUS FINLAYSON ("Finlayson") (collectively, "Defendants") as follows:

### NATURE OF THE ACTION

1.      Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*; the Ohio Consumer Sales Practices Act ("CSPA") under R.C. 1345.02 *et seq.*; and Ohio common law.

### JURISDICTION AND VENUE

2.      This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims occurred within this District.

## PARTIES

4.     Plaintiff is a natural person residing in this District.

5.     LAG is a third-party debt collector headquartered in the State of California that regularly collects upon consumers in the State of Ohio.

6.     LAG acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

7.     Upon information and belief, Finlayson participates in and oversees the day-to-day debt collection activities of LAG, and Finlayson actively collects upon consumer debts.

8.     Finlayson is a natural person who, upon information and belief, resides in the State of California.

## FACTS SUPPORTING CAUSES OF ACTION

9.     Plaintiff defaulted on a loan taken out for personal (not business) purposes.

10.     Earlier this year, Plaintiff began receiving calls and messages from LAG in connection with collecting the purported debt.

11.     Plaintiff received the following voicemail message from LAG:

"This is an urgent message intended for an individual we have on file by the name James Snyderburn. Sir, my name is Agent James. I'm calling from [inaudible] Investigation Services, sir. I'm trying to get ahold of you

[ 2 ]

in regards to a pending legal complaint. Now, there was a complaint that was filed against you. At this time, it is imperative that you or your attorney, assuming that you have one, make contact our legal department before the end of todays business day, sir. The phone number is 1-878-217-2189. Again, that's 1-878-217-2189. There is a file number attached to this sir, you will need it, you or your attorney, whoever is calling on your behalf. Um, that is "V" as in Victor 579266. Again, that is that is "V" as in Victor 579266.

Sir, it is imperative that we hear from you or your attorney before the end of todays business day. We had a couple failed attempts to notify you of this matter, so it is imperative that we hear from you. We have an address on file, too, that was given to us by the courts as well as this number. We got a 3705 Glenbar Court as well as a 660 [inaudible] Street, Apartment 196. This is Ohio. We have a zip ending 44126. Failure to contact our legal department will deem information we have on file as being correct and our processors be dispatched out there to locate the [inaudible] file, so it is imperative that we hear from you. Thank you and enjoy your day."

12.    Plaintiff also received the following voicemail message from LAG:

"This is an urgent message for a James Snyderburn. S-N-Y-D-E-R-B-U-R-N. Sir, we have legal documents going out to your job where you work as an inside sales rep at Fasternaugh Company. Looks like Monday between the hours of 10 and 1, we are going to be dispatched out there, James. Call the litigation office if you want to schedule a change of venue 'cause you were available at your home address of 660 [inaudible] Street, Apartment 180, 196 in Toledo, Ohio. You need to call them immediately, sir, at 833-781-8204.

Again, James, we are going to go out to your job, Fasternaugh Company, where you are an inside sales rep Monday between the hours of 10 and 1. If you have questions or concerns, call them immediately 833-781-8204. Looks like its regarding a pending fraud investigation, sir. Call them and mention your case number: "V" as in Victoria dash 579266-OH. Once again, "V" as in Victoria dash 579266-OH. You have officially been notified on a recorded line, James."

13.    In another message, LAG's employee, who identified himself as "Martin Johnson," threatened to file a lawsuit against Plaintiff if Plaintiff did not pay the purported debt.

[ 3 ]

14.     In another message, LAG's employee, who identified himself as "Agent Flounders," called Plaintiff's wife and left her a message falsely stating that someone had filed fraud charges against Plaintiff. Agent Flounders further falsely stated that LAG was going to going Plaintiff's place of employment "tomorrow."

15.     Plaintiff retained counsel in this matter and LAG was aware that Plaintiff had retained counsel. Nonetheless, LAG's employee, who identified himself as "Martin Johnson," called Plaintiff after Plaintiff retained counsel.

16.     On information and belief, LAG does not have the legal authority to file a lawsuit against Plaintiff in order to collect the purported debt.

17.     On information and belief, LAG does not actually intend to file a lawsuit against Plaintiff in order to collect the purported debt.

18.     On information and belief, the purpose of LAG's illegal conduct, as described in this Complaint, was to harass Plaintiff into paying the purported debt.

19.     Upon information and belief, Finlayson oversaw LAG's collection activities regarding Plaintiff.

20.     Upon information and belief, there exists a complete identity of interest between LAG and Finlayson, such that it is in the interests of justice to pierce the corporate veil.

[ 4 ]

## COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21.     Plaintiff realleges the paragraphs above as though fully set forth herein.

22.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

23.     Defendants are "debt collector[s]" as defined by § 1692a(6) of the FDCPA because the principal purpose of their business is the collection of debts, and because they use the instrumentalities of interstate commerce to do so.

24.     In the alternative, Defendants are "debt collector[s]" under § 1692(a)(6) because they regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

25.     LAG and Finlayson identify themselves as debt collectors and are engaged in the business of collecting or attempting to collect, directly or indirectly, default debts owed, due, or asserted to be owed or due to others.

26.     Employees and officers of debt collection agencies are themselves liable as debt collectors where they "regularly engage[], directly or indirectly, in the collection of debts," including through "oversee[ing] compliance." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008).

27.     Finlayson is therefore liable for LAG's violations of the FDCPA committed under his supervision, including, on information and belief, the violations described in this Count.

28.     Further, Finlayson is liable for LAG's wrongdoing because the corporate veil the corporate veil should be pierced.

[ 5 ]

29.    The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, being in this case a payday loan used for personal purposes.

30.    Defendants' actions violated:

a.   § 1692b(6) and § 1692c(a)because LAG communicated with Plaintiff after LAG knew that Plaintiff was represented by an attorney with regard to the purported debt;

b.   § 1692d generally because LAG engaged in conduct, as set forth in this Complaint, the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of the purported debt;

c.   § 1692e, generally, because LAG made false, deceptive, and misleading representations or means in connection with the collection of a debt;

d.   § 1692e(1) because LAG's employees made the false implication that it was affiliated with the United States by telling Plaintiff that he was being contacted by "Agent James" and "Agent Flounders";

e.   § 1692e(2) because LAG made a false representation regarding the status of Plaintiff's debt as being a lawsuit or by stating that "papers" had been filed in connection with this debt;

f.   § 1692e(4) because LAG made the false representation that it was going to arrest, imprison, or seize Plaintiff by going to his place of employment;

[ 6 ]

**g.** § 1692e(4) because LAG threatened to take legal action that cannot be taken, or in the alternative, that LAG did not intent to take, namely filing a lawsuit against Plaintiff and going to Plaintiff's place of employment to collect the purported debt or take other action;

**h.** § 1692e(7) because LAG made the false implication that Plaintiff committed fraud in  order to disgrace Plaintiff; and

**i.** § 1692e(10) because LAG made multiple false representations and employed deceptive means, as fully described in this Complaint, in an attempt to collect the purported debt.

### COUNT II — VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

31.    Plaintiff realleges the paragraphs above as though fully set forth herein.

32.    The CSPA pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

33.    Plaintiff is a "person" as defined by R.C. 1345.01(B).

34.    Defendants are "supplier[s]" as defined by R.C. 1345.01(C).  *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

35.    Debt collection is part of a "consumer transaction" as defined by R.C. 1345.01(A).

36.    R.C. 1345.09(B) thus grants Plaintiff a private right of action against Defendants for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

[ 7 ]

37.    Defendants committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendants engaged in acts and practices in violation of the FDCPA as set forth above.

38.    Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq.  See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

39.    Defendants committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

40.    Defendants actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

### COUNT III — INVASION OF PRIVACY

41.    Plaintiff realleges the above paragraphs as though fully set forth herein.

42.    Ohio common law permits a cause of action for invasion of privacy where one unreasonably intrudes, physically or otherwise, upon the solitude or seclusion of another if the intrusion would be highly offensive to a reasonable person.

43.    LAG intruded upon Plaintiff's seclusion by calling Plaintiff's wife and disclosing information related to the collection of a debt.

44.    Further, LAG intruded upon Plaintiff's seclusion by calling Plaintiff's wife and falsely stating that Plaintiff was being investigated for fraud as well as falsely stating that LAG was going to go to Plaintiff's place of employment.

45.     LAG's harassing conduct was highly offensive to Plaintiff.

46.     A reasonable person would also be highly offended if a debt collector called his/her spouse and 1) made allegations that the spouse was indebted to a third party, 2) made allegations that the spouse had committed an illegal act, or 3) asserted that a that debt collector was going to the spouse's place of employment.

47.     Plaintiff suffered actual harm in the form of emotional distress, anxiety, and frustration as a result of Defendants' conduct.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment as follows:

**a.**     Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

**b.**     Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

**c.**     Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

**d.**     Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees;

**e.**     Awarding Plaintiff's counsel an enhancement or multiplier of attorney fees pursuant to the CSPA;

**f.**     Awarding Plaintiff actual damages, punitive damages, and attorney fees for Defendants invasion of privacy; and

[ 9 ]

**g.**      Awarding any other relief as this Honorable Court deems just and

appropriate.

<u>**A TRIAL BY JURY IS DEMANDED.**</u>

Dated:  September 25, 2019

<u>By:  s/ Geoffrey Parker</u>
Geoffrey Parker (0096049)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
gparker@hiltonparker.com